IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiffs,

vs.                                    Case No. 08-10020-JTM

JUDAH PRINCE,

Defendant.

**MEMORANDUM AND ORDER**

Presently before the court is defendant Judah Prince's (Prince's) Motion to Suppress

Evidence and Request for a *Franks* Hearing (Dkt. No. 28).  The court held a hearing on

November 24, 2008.  For the detailed reasons articulated in court, which are summarized below,

the court denies the motion to suppress.

**I. Background Facts**

Prince is charged with possession with intent to distribute more than 100 or more

marijuana plants.  In January 2008, ATF agents from Georgia were conducting an investigation

into the illegal manufacture and sale of firearms by Mr. Raybon Wilson through an online site

called "Gunbroker.com."  During the investigation, the ATF determined that some AK-47 flats

had been shipped to Mr. Prince.  Based upon that information, the Georgia ATF office made a

referral to the Wichita ATF office.

1

On January 9, 2008, ATF Special Agent Wes Williamson and Greg Heiert were assigned to look into Prince's purchase of the AK-47 flats.  Around 11:00 am, Special Agents Williamson and Heiert, and Newton Police Detective Bryan Hall went to Prince's place of employment, King Construction, to ask him about the AK-47 flats and jig.  After visiting briefly, Prince agreed to meet the officers at his residence in Newton, Kansas, over his lunch hour.  Prince arrived at his house and explained to the investigators that all the items they wanted to see were in his garage because he had been to a gun show selling firearms and related materials.

Prince opened the garage door and showed the investigators the items he believed they were interested in seeing.  The agents observed several firearms, and questioned Prince.  Prince answered many questions, but ultimately refused the officer's request to look through his home. The government claims that Prince failed to answer some questions directly, while Prince claims that he was simply in a hurry to get back to his office in Hesston.

After the lunch-time encounter, the agents executed a search warrant at Prince's home that related to firearms.  During the search of the residence (#8 Rolling Hills, Newton) officers observed in plain view several plants of marijuana and an apparatus for growing it.  A second search warrant was then obtained from a Harvey County judge based on those observations, and those items were then seized.

Prince argues that the initial warrant was not based on probable cause established through the affidavit of Special Agent Williamson because the affidavit contains material omissions, as well as facts that are based on deliberate falsehoods or with reckless disregard for the truth.  The government responds that the omissions were not material, and that any falsehood was due to negligence.

2

## II.  Legal Standard

It violates the Fourth Amendment to omit a material issue from a warrant affidavit, or to "knowingly and intentionally, or with reckless disregard for the truth" include false statements in the warrant affidavit.  *Franks v. Delaware*, 438 U.S. 154, 155 (1978).  When a defendant questions the veracity of the affidavit supporting a search warrant, he may request an evidentiary hearing, often called a *Franks* hearing.  Before being entitled to such a hearing, the defendant must allege deliberate falsehood or reckless disregard for the truth, accompanied with an offer of proof.  The defendant must then show that the remaining content of the warrant affidavit is insufficient to support a finding of probable cause.  However, there is a "presumption of validity" with respect to warrant affidavits, which can only be overcome if a defendant alleges and proves "deliberate falsehoods" or "reckless disregard for the truth."  *Franks*, 438 U.S. at 171.

To establish a *Franks* violation and suppress the evidence, the defendant must prove by a preponderance of the evidence that officers omitted material information intentionally or with reckless disregard for the truth, or that the affidavit contains intentional or recklessly false statements.  *United States v. Tisdale*, 248 F.3d 964, 973 (10th Cir. 2001).  If the defendant can meet that burden, the court next examines the affidavit as if the omitted information had been included to determine whether the affidavit would still establish probable cause.  *Id.*  Probable cause exists when the supporting affidavit sets forth certain facts that would lead a prudent person to believe there is a fair probability that particular evidence of a crime or contraband will be found in a particular place.  *United States v. Basham*, 268 F.3d 1199, 1203 (10th Cir. 2001).  If the court concludes that the omitted information would not have altered the judge's decision to authorize the search, the fruits of the challenged search need not be suppressed.  *United States v.*

*Avery*, 295 F.3d 1158, 1166-67 (10th Cir. 2002).  If, however, the omitted information would have altered the judge's decision, then the fruits of the challenged search must be suppressed.  *Id.*

### III.  Analysis

After carefully considering all the evidence, it is clear that none of the claimed inconsistences or inaccurate statements by Agent Williamson were made with any kind of intention to mislead, and that there were no material omissions from the affidavit in support of the search warrant.

The court also finds no error with the individual paragraphs that Mr. Prince disputed. Specifically, with regard to paragraph twenty-four relating to the erroneous statement of a conviction in 1989, the court finds that it did not add nor subtract from probable cause in this case.  In short, the prior legal problems were a non-factor in the determination of the magistrate as to whether probable cause existed.

As to paragraph seventeen, the court finds that although the term "recanted" may be somewhat inaccurate, it is not a factor that would enhance or detract from the probable cause determination. Further, it is clear that if there was any sort of misrepresentation, it was not deliberate.

As to paragraph nine, the court finds that the statement that Prince won an auction simply demonstrates that he bid on the firearm material, which is the real importance in the probable cause determination.  The bidding in and of itself, regardless of whether he ever received the item, goes to his intention.  Thus, the explanation that the transaction was later cancelled by Prince does not detract from the bidding itself, which would have aided the magistrate in determining probable cause.

4

Further, there is certainly enough information in Agent Williamson's affidavit for a neutral and detached magistrate to find that probable cause existed to search Mr. Prince's home. As such,  the validity of the affidavit supports the issuance of the search warrant, and Mr. Prince's motion to suppress is denied.

IT IS ACCORDINGLY ORDERED this 3rd day of December, 2008 Judah Prince's (Prince's) Motion to Suppress Evidence and Request for a *Franks* Hearing (Dkt. No. 28) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
